## LANGWORTHY v. WOODWORTH & CUMMINGS.

1. DISCHARGE OF JUDGMENT: CONSIDERATION. When a bill praying an injunction to restrain the execution of a judgment against one of several defendants alleged that the complainant, who was one of the defendants, paid to the judgment plaintiff a sum which was larger than his share of the judgment debt and costs, which was accepted in full satisfaction of all claims against the complainant and in consideration of his release and discharge from all demands under and by virtue of said judgment; to which bill the respondents demurred on the ground that the contract of discharge was unsupported by a consideration; it was held that the demurrer was properly overruled.

*Appeal from Dubuque District Court.*

FRIDAY, OCTOBER 10.

IN EQUITY. The petition states that in May, 1859, one Bronson recovered two several judgments against complainant, The Dubuque, St. Paul and St. Peters Railroad Company, T. E. Bissell and John W. Taylor; that these two judgments were obtained upon two notes made by the Railroad Co., to Bronson, upon one of which complainant was liable as third and the other as fourth indorser; that these judgments amounted to $461.55; that on the 9th of July, 1859, complainant proposed to pay Bronson $250, " which was more than equal to plaintiff's share of said judgments and all costs," if he, Bronson, would accept and receive the same in full satisfaction of all claim and obligation against plaintiff by virtue of said judgments, and would in consideration thereof release and discharge complainant from all further demands thereunder; that on the next day this proposition was accepted by Bronson, and he received the $250 in full satisfaction of complainant's liability on said judgments; that in consideration thereof the said Bronson did then and there release and discharge complainant from said judgments, and all liability thereon, and did then satisfy and cancel the same so far as complain-

ant was concerned; that whether said release was made a matter of record, he does not know.

It is also averred that Bronson afterwards assigned these judgments to the respondent, Woodworth, but received no consideration therefor; that Woodworth had full knowledge of the payment and satisfaction aforesaid, and of complainant's release and discharge; that notwithstanding all these matters the said Woodworth has procured executions, placed the same in the hands of his co-respondent, Cummings, as sheriff, and is about to have the same levied upon complainant's property, and will so levy the same if not restrained, to his irreparable injury, &c. The prayer is for an injunction, and that said payment and discharge may be entered of record on the proper dockets, so as to show complainant's release, &c.

The injunction was granted. Respondents demurred to the bill, upon the ground, in substance, that the alleged release or discharge was without consideration, and void. Demurrer overruled, and respondents refusing to answer, there was a decree as prayed by the bill. Respondents appeal.

*Samuels, Allison & Crane* for appellants.

*Wilson, Utley & Doud* for appellee.

WRIGHT, J.—This case was submitted without argument by either party. We see no reason for disturbing the decree below, and it is therefore

Affirmed.